IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMINIA DOLEMBA and SCOTT DOLEMBA, on behalf of plaintiffs and a class, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ALLIANCE SECURITY INC. and DOES 1-10, | ) ) ) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Herminia Dolemba and Scott Dolemba bring this action against defendant Alliance Security Inc. to secure redress for the placement of robocalls to their cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

    a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

    b. Have transacted or done business in Illinois.

4. Venue in this District is proper for the same reason.

### PARTIES

5. Plaintiffs Herminia Dolemba and Scott Dolemba are residents of the Northern District of Illinois.

1

6.      Defendant Alliance Security Inc., is a Delaware corporation.  Its principal place of business is  85 Garfield Avenue, Cranston, Rhode Island 02920.

7.      Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

8.      Plaintiff Herminia Dolemba is subscribed to cellular telephone number XXX-XXX-9965.

9.      Plaintiff Scott Dolemba is an authorized user on Herminia Dolemba's cellular phone account.

10.      On July 2, 2018, plaintiff Herminia Dolemba received a call from 630-877-5095. (Exhibit A)

11.      Plaintiff Scott Dolemba answered the call when it came in.  It was a recorded message from someone named Jennifer about providing home security.  After the recorded message was delivered, the call was transferred to a live person named Colby, who identified the company calling as Alliance Security and gave the website www.2gig.com for further information.

12.      On July 23, 2018, plaintiff Herminia Dolemba received a call from 630-875-7612 on her cell phone. (Exhibit B)

13.      Plaintiff Scott Dolemba answered the call when it came in. It was a recorded message for home security.  The call was then transferred to a live representative named Danny who identified the company calling as Alliance Security.

14.      On August 2, 2018, plaintiff Herminia Dolemba received a call from 630-874-8880.  (Exhibit C)

15.      Plaintiff Scott Dolemba answered the call when it came in.  It was a recorded message from someone named Jennifer about providing home security.  After the recorded message was delivered, the call was transferred to a live person named Colby, who identified Alliance Security as the monitoring company.

16. On August 3, 2018, plaintiff Herminia Dolemba received a call from 630-877-7687 on her cell phone. (Exhibit D)

17. Plaintiff Scott Dolemba answered the call when it came in. After a noticeable pause, he was connected with Roger who identified the company calling as Alliance Security.

18. Discovery may reveal additional unsolicited, automated telemarketing calls as well.

19. Defendant Alliance Security Inc. offers home security products and services, including 2GIG security systems.

20. Plaintiffs Herminia Dolemba and Scott Dolemba had not provided their cell phone numbers to Alliance Security Inc., or had any business with Alliance Security Inc.

21. Defendants either negligently or wilfully violated the rights of plaintiffs and other recipients in placing the calls.

22. Plaintiffs suffered damages as a result of receipt of the calls. Furthermore, plaintiffs' statutory right of privacy was invaded.

23. Plaintiffs are entitled to statutory damages.

24. Defendants violated the TCPA even if their actions were only negligent.

25. Defendants should be enjoined from committing similar violations in the future.

## COUNT I – TCPA

26. Plaintiffs incorporate paragraphs 1-25.

27. The TCPA provides, at 47 U.S.C. §227(b):

**Restrictions on use of automated telephone equipment**

**(1) Prohibitions**

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**

> **(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);directs the Federal Communications Commission, 47 U.S.C. §227(c), .**

..

28. Plaintiffs had not consented to defendants' communications.

29. Plaintiffs incurred damages as a result of the unsolicited automated calls in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy was invaded.

30. The TCPA provides, 47 U.S.C. §227(b)(3) provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State-**
>
> **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive $ 500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) received calls on a cellular telephone from or on behalf of Alliance Security Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

32. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

33. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made

telemarketing calls using a recorded or artificial voice;

    b.    The manner in which defendants compiled or obtained their list of telephone numbers;

    c.    Whether defendants obtained the consent of the called parties;

    d.    Whether defendants thereby violated the TCPA;

34.    Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

35.    Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36.    A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37.    Several courts have certified class actions under the TCPA: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.*, 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC*, 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339,

2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.*, 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza*, 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

38. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

      a. Compensatory and punitive damages;

      b. An injunction against further violations;

      c. Attorney's fee, litigation expenses and costs of suit;

      d. Such other or further relief as the Court deems just and proper.

### **COUNT II – ILLINOIS CONSUMER FRAUD ACT**

39. Plaintiffs incorporate paragraphs 1-25.

40. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815

ILCS 505/2, by phoning multiple robocalls to plaintiff Herminia Dolemba's cell phone.

41. Defendants' conduct is contrary to public policy, as set forth in the TCPA.

42. Plaintiffs suffered damages as a result of receipt of the calls.

43. Defendants engaged in such conduct in the course of trade and commerce.

44. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

45. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiffs bring this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes (b) who, on or after a date three years prior to the filing of this action, (c) received calls on a cellular telephone from or on behalf of Alliance Security Inc. (d) placed using an automated dialer or artificial or prerecorded voice.

46. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 members of the class.

47. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of making or causing to be made telemarketing calls using a recorded or artificial voice;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

    d. Whether defendants thereby violated the TCPA;

48. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor plaintiffs' counsel have any interests which might cause them not to vigorously pursue this action.

49. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

50. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

51. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

    a.    Compensatory and punitive damages;

    b.    An injunction against further violations;

    c.    Attorney's fee, litigation expenses and costs of suit;

    d.    Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

     Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                         s/ Daniel A. Edelman
                                         Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)